Suffolk Company Limited, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 81817. Promulgated June 30, 1938.

*Thomas F. Boyle, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: The Commissioner's determination of deficiency includes several items of adjustment. The only one contested by petitioner is described in the notice of deficiency, without further explanation, as follows:

> (i) Refund of New York City Money Capital Tax received by you during the taxable year is held to be taxable income.
>
> Amount received_____ $426,773.12
>
> Less:
>
> Legal expenses in connection therewith_____ 45,009.40
>
> Balance added to income_____ $381,763.72

The petitioner contends that this determination is incorrect, first, because as a foreign corporation its gross income from sources within the United States may include only those items enumerated in Revenue Act of 1932, section 119, subdivision (a),[1] of which this is not one; and second, because in any event the amount received from the city of New York as a refund of taxes originally overpaid by Blair & Co. is not income to petitioner, even if its gross income is to be tested by an omnibus description such as that of section 22, applicable to domestic corporations. For the respondent here there has been no argument in defense of his determination and no brief. The facts were stipulated.

In *N. V. Koninklijke Hollandische Lloyd*, 34 B. T. A. 830, it was held that as to foreign corporations the income taxable was confined to that expressly described in section 119. While there is room in subdivision (e) of that section for an expansion of the gross income found in the items of subdivision (a), such for example as the gain from the sale of personal property (see *Hubert De Stuers*, 26 B. T. A. 201), there is nothing in the entire section which would support the inclusion in a foreign corporation's gross income of a refund of overpaid city taxes. This alone requires the reversal of the Commissioner's determination and leaves unnecessary any decision upon the more general question whether the petitioner's receipt of the tax refund due to its predecessor would have been taxable to petitioner under section 22 because of the intervening reorganization.

*Judgment will be entered under Rule 50.*

---

[1] SEC. 119. INCOME FROM SOURCES WITHIN UNITED STATES.

(a) GROSS INCOME FROM SOURCES IN UNITED STATES.—The following items of gross income shall be treated as income from sources within the United States:

(1) INTEREST.—Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, not including—

\* \* \* \* \* \* \*

(2) DIVIDENDS.—The amount received as dividends—

\* \* \* \* \* \* \*

(3) PERSONAL SERVICES.—Compensation for labor or personal services performed in the United States;

(4) RENTALS AND ROYALTIES.—Rentals or royalties from property located in the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using in the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property; and

(5) SALE OF REAL PROPERTY.—Gains, profits, and income from the sale of real property located in the United States.